IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NO. **11-12726-BB**

United States of America,

Appellee,

- versus -

Sylvester Reid,

Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
_____

<u>BRIEF FOR THE UNITED STATES</u>

Wifredo A.  Ferrer
United States Attorney
Attorney for Appellee
99 N.E. 4th Street
Miami, Florida  33132-2111
(305) 961-9130

Anne R. Schultz
Chief, Appellate Division

Lisa Tobin Rubio
Assistant United States Attorney

Kathleen M. Salyer
Assistant United States Attorney

Of Counsel

**United States v. Sylvester Reid, Case No.   11-12726-BB**

**Certificate of Interested Persons**

Undersigned counsel for the United States of America hereby certifies that the following is a complete list of persons and entities who have an interest in the outcome of this case who were not included in the Certificate of Interested Persons set forth in appellant's brief:

Acosta, R. Alexander

Bharathi, Sowmya

Caruso, Michael

Collective Brands, Inc. (holding company for Payless ShoeSource) (PSS)

Davis, Dustin M.

Ferrer, Wifredo A.

Jiménez, Marcos Daniel

Keefer, William A.

Lenamon, Terence Michael

Lewis, Guy A.

Mecke, Carl Joseph

Moreno, Hon. Federico A.

O'Connor, Christine

Palermo, Hon. Peter R.

Payless ShoeSource (held by Collective Brands, Inc.)

C-1 of 2

**United States v. Sylvester Reid,  Case No. 11-12726-BB**

**United States's Notice Concerning Certificate of Interested Persons
and Corporate Disclosure Statement (Continued)**

Prescott, Orlando

Reid, Sylvester

Rivero, Laura Thomas

Rubio, Lisa Tobin

Salyer, Kathleen M.

Schultz, Anne R.

Scott, Hon. Thomas E.

Shoe World

Sloman, Jeffrey H.

Stage, Gail M.

Williams, Kathleen M.

_____
Kathleen M. Salyer
Assistant United States Attorney

**Statement Regarding Oral Argument**

The United States of America respectfully suggests that the facts and legal arguments are adequately presented in the briefs and record before this Court and that the decisional process would not be significantly aided by oral argument.

# Table of Contents

**Page:**

Certificate of Interested Persons . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  c-1

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Table of Citations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Statement of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Statement of the Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Statement of the Case:

      1.    Course of Proceedings and Disposition in the Court Below .. . . . . .  1

          A.    The Indictment, Trial, Sentence and Direct Appeal.. . . . . . .  1

          B.    Reid's 18 U.S.C. § 3582(c)(2) Motion for Sentence
              Reduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

          C.    Reid's Appeal and the Proceedings on Remand. . . . . . . . .  6

      2.    Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

          A.    The Offense Conduct. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

      3.    Standards of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

**Table of Contents**

**(continued)**

**Page:**

Argument and Citations of Authority:

    The District Court Committed No Error in Resentencing Reid on

    Remand  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

Conclusion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

## Table of Citations

**Cases:**            **Page:**

\* *United States v. Bravo*,

    203 F.3d 778 (11th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11, 12

*United States v. Maupin*,

    520 F.3d 1304 (11th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*United States v. Melvin*,

    556 F.3d 1190 (11th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

*United States v. Moore*,

    541 F.3d 1323 (11th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*United States v. Rawlings*,

    821 F.2d 1543 (11th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

*United States v. Reid*,

    193 F.3d 523 (11th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*United States v. Reid*,

    364 Fed. Appx. 554, 2010 WL 376280 (11th Cir. 2010). . . . . . . . . . . . . . .  7, 13

*United States v. White*,

    305 F.3d 1264 (11th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*United States v. Wright*,

    33 F.3d 1349 (11th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

# Table of Citations

## (Continued)

**Statutes & Other Authorities:**                                    **Page:**

18 U.S.C. § 924. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, *passim*

18 U.S.C. § 1951. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

18 U.S.C. § 3582. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi, *passim*

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Fed. R. App. P. 4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Fed. R. App. P. 32. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15


**United States Sentencing Guidelines:**                              **Page:**

§ 1B1.10.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3, 11

§ 1B1.3.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4, 11

§ 2B3.1.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 2

§ 2K2.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3, 4, 11

§ 3D1.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

**Statement of Jurisdiction**

This is an appeal from a final decision of the United States District Court for the Southern District of Florida in a criminal case in which the district court granted a motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court entered its order granting the motion on May 27, 2011 (DE 119). The district court had jurisdiction to resolve Reid's motion to modify sentence pursuant to 18 U.S.C. §§ 3231 and 3582(c)(2). Reid filed a timely notice of appeal on June 10, 2011 (DE 120); <u>see</u> Fed. R. App. P. 4(b). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## Statement of the Issue

Whether the district court erred in its ruling, on remand, on Reid's 18 U.S.C. § 3582(c)(2) motion for sentence reduction.

## Statement of the Case

### 1.    Course of Proceedings and Disposition in the Court Below

#### A.    The Indictment, Trial, Sentence and Direct Appeal.

On October 1, 1996, a federal grand jury in the Southern District of Florida returned a six-count indictment charging appellant, Sylvester Reid, with three armed robberies on three separate dates in March 1996, in violation of the Hobbs Act, 18 U.S.C. § 1951(b) (Counts I (March 9, 1996), III (March 14 1996), and V (March 18, 1996)), and with using and carrying a firearm during each of the robberies, in violation of 18 U.S.C. §§ 924(c) and 2 (Counts II, IV, and VI) (DE1). The case proceeded to trial on December 2, 1997. After a two-day jury trial, Reid was convicted as to all counts (DE60).

For purposes of calculating Reid's guidelines sentencing range, the United States Probation Office ("Probation") treated each of Counts I, III, and V as a separate group, because the counts represented three unrelated robberies that occurred on different dates (PSI, ¶ 12). Applying the 1997 Federal Sentencing Guidelines, Probation set Reid's base offense level for Group One (Count I) at 20, pursuant to USSG § 2B3.1(a), which applies to robberies (PSI, ¶ 13). The PSI recommended a

five-level upward adjustment pursuant to § 2B3.1(b)(2)(C) as a specific offense characteristic because a firearm was brandished during the offense (PSI, ¶ 14). Thus, Reid's adjusted offense level for that count was 25 (PSI, ¶ 18). Probation employed identical calculations as to Group Two (Count III) (PSI, ¶¶ 19-24), and Group Three (Count V) (PSI, ¶¶ 20-25), which resulted in an adjusted offense level of 25 for each of those groups as well (PSI, ¶ 24 (Group Two); ¶ 30 (Group Three)). Application of the multiple count adjustment rules in § 3D1.4(a) resulted in a combined adjusted offense level of 28 for Counts I, III, and V (PSI, ¶ 31). There were no additional adjustments and the total offense level for those three counts remained at 28 (PSI, ¶¶ 32-35). The sentencing range at that level in criminal history category IV was 110-137 months' imprisonment (PSI, ¶ 75).

Pursuant to 18 U.S.C. § 924(c), the required term of imprisonment as to Count II was five years, consecutive to any other term of imprisonment imposed (PSI, ¶ 74). Section 924(c) required 20-year terms of imprisonment as to each of Counts IV and VI, to be served consecutively to each other and to any other terms of imprisonment imposed (PSI, ¶ 74).

`The district court sentenced Reid to a total of 650 months of imprisonment, a two-year term of supervised release, and a special assessment of $300 (DE69). Specifically, the district court sentenced Reid to concurrent terms of 110 months'

imprisonment as to Counts I, III, and V; a 60-month mandatory consecutive term of imprisonment as to Count II; a 240-month mandatory consecutive term as to Count IV; and a 240-month mandatory consecutive term as to Count VI.  On direct appeal, this Court affirmed Reid's conviction.  *United States v. Reid*, 193 F.3d 523 (11th Cir. 1999) (table).

### B.    Reid's 18 U.S.C. § 3582(c)(2) Motion for Sentence Reduction

In July 2008, Reid filed the motion for modification of an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) that is at issue here (DE 85).  Reid invoked Amendment 599 to the Federal Sentencing Guidelines.  This amendment, which became effective November 1, 2000, and is to be applied retroactively, *see* USSG § 1B1.10(c), modified the commentary to  USSG § 2K2.4, which governs sentencing for § 924(c) offenses, the counts of conviction in Counts II, IV, and VI of the indictment in this case.  As is relevant here, Amendment 599 modified the commentary to § 2K2.4, which applies to offenses involving use of a firearm during or in relation to certain crimes, to include the following language:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the

3

defendant is accountable under § 1B1.3 (Relevant Conduct). Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if (a) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c).

USSG § 2K2.4, comment. (n.4).

Reid challenged the district court's imposition of consecutive sentences under § 924(c) for multiple convictions under that statute. Reid argued that, under Amendment 599, the district court could not have imposed consecutive sentences for the violations of 924(c) charged in Counts IV and VI, once the district court imposed a 60-month mandatory consecutive sentence for the § 924(c) violation charged in Count II (*id.* at 11).

In response, the government argued that Reid had misconstrued Amendment 599 (DE 89). Amendment 599 did not prohibit the district court from imposing consecutive sentences on multiple convictions under § 924(c) that are alleged in the same indictment (*id.*). The government noted, however, that in calculating Reid's offense level for the robbery offenses charged in Counts I, III, and V, the probation office had applied a specific offense characteristic for brandishing a firearm, which had resulted in a five-level increase in his offense level for those counts (*id.*; *see* PSI

at ¶¶ 13, 14, 18).  Amendment 599 prohibited the application of such weapons enhancements where the weapon was also the subject of a separate § 924(c) conviction for which a consecutive term of imprisonment was imposed, although the government mistakenly argued that Reid's sentence would not change it if were recalculated in light of Amendment 599 (*id.*).

In reply, Reid reiterated his argument that the district court erred by imposing consecutive 240-month terms of imprisonment for the § 924(c) counts that were charged in Counts IV and VI of the indictment (DE 93).  He argued:

> There is nothing stated within subsection 924(c)(2) that "remotely suggest[s]" , that a defendant who is charged with multi-counts of violating § 924(c)(1) in a "single indictment, (who is being charged as a first time violator of any crime under federal law) is to be punished as a second or subsequent violator of 924(c)(1) . . . .  simply, because the jury has found the defendant guilty of all counts that were charged in the indictment.

(*id.* at 4).  He further argued that in order to charge multiple separate violations of § 924(c), the government was required to charge the violations under the specific subsections in § 924(c) that applied (*id.* at 8).[1]

---

[1]    At the time of indictment in this case, there were no such subsections in § 924(c).  The statute read, in relevant part, as follows:

> (c)(1) Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of (continued...)

5

The district court summarily denied Reid's motion (DE 95).  Reid timely appealed the district court's order.

## C.    Reid's Appeal and the Proceedings on Remand

On appeal, the government argued that Amendment 599 had no effect on the consecutive sentences imposed for Reid's three violations of 18 U.S.C. § 924(c), as charged in Counts II, IV, and VI of the indictment.  The government noted, however, that although neither side had argued the point to the district court, Amendment 599, as applied to the Guidelines calculations for Counts I, III and V, reduced the offense level and corresponding sentencing range that applied to those counts.  Thus, the government suggested that remand to the district court may be appropriate to permit the district court to consider whether, in its discretion, to award Reid a sentence reduction as to those counts.

This Court agreed with the government that Reid was entitled to a sentence reduction for his 18 U.S.C. § 1951(a) convictions in Counts I, III, and V–the

---

[1]    (...continued)
a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years . . . .  In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years . . . .  18 U.S.C. § 924(c).

6

underlying offenses to his § 924(c) convictions– because the district court had applied specific offense characteristics to those counts for brandishing a firearm. *United States v. Reid*, 364 Fed. Appx. 554, 2010 WL 376280 (11th Cir. 2010). This Court concluded that, pursuant to Amendment 599, those specific offense characteristics should be eliminated, signifying that Reid's guideline range for those counts was lowered to 70 to 87 months' imprisonment based on an amended total offense level of 23 and a criminal history category of IV. *Id.* Because Reid's amended guideline range was lowered by Amendment 599 and the government willingly construed Reid's motion to include this relief, this Court vacate the sentence and remanded the case to the district court for further proceedings. *Id.* This Court also concluded that the district court had not erred in denying Reid's § 3582(c)(2) motion as to the § 924(c) counts, "because Amendment 599 does not eliminate Reid's sentences for those counts." *Id.*

On remand, the district court granted Reid's motion for modification of his sentence (DE 119). The district court reduced Reid's sentences as to each of Counts I, III and V from 110 months to 70 months, to run concurrently (*id.*). The sentences for the remaining counts (Counts II, IV, and VI), which charged separate violations of 18 U.S.C. § 924(c), remained unchanged (*id.*). The consecutive sentences of 60

7

months, 240 months, and 240 months, respectively, as to those three counts, resulted in a total sentence of 610 months' imprisonment (*id.*).

Again, Reid timely appealed the district court's order (DE 120).

## 2.    Statement of the Facts

### A.    The Offense Conduct

Reid committed armed robberies of three shoe stores in the Northwest area of Miami, Florida, on three separate days in March 1996 (PSI, ¶¶ 3-5). He robbed an employee of a Shoe World store at gunpoint on March 9, 1996, and took the store's proceeds for the day, $234.07, which were on the counter next to the cash register (PSI, ¶ 3). Five days later, Reid robbed a Payless Shoe Source store. which was located a short distance from the Shoe World store (PSI, ¶ 4). While purporting to make a purchase from the store, Reid demanded all the currency in the register (*id.*). Reid pointed a gun at the store's clerk and told her he used to work at the store and had previously robbed the store (*id.*). The clerk fainted before she was able to accede to Reid's demands to furnish the currency from a second register as well, and Reid left with only $40 (*id.*). Reid, accompanied by an armed companion, returned to the Shoe World store on March 18, 1996 (PSI, ¶ 5). While the gunman held the store's employees at the rear of the store, Reid forced the manager to empty the cash register

8

(PSI, ¶¶ 5-6).  Reid took all the currency in the cash register as well as additional currency that was underneath the cash drawer, for a total of $822.06 (PSI, ¶ 6).

**3.**     **Standards of Review**

In a § 3582(c)(2) proceedings, this Court reviews *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines.  *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008) (citing *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam)).  This Court reviews *de novo* questions of statutory interpretation.  *Id. (citing United States v. Maupin*, 520 F.3d 1304, 1306 (11th Cir. 2008) (per curiam)).

This Court reviews for an abuse of discretion a district court's decision whether and to what extent to reduce a sentence pursuant to § 3582(c)(2).  *See United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002).

<div align="center">

**Summary of the Argument**

</div>

The district court committed no error in its ruling, on remand, on Reid's 18 U.S.C. § 3582(c)(2) motion for sentence reduction.  The district court correctly calculated Reid's guidelines range for Counts I, III, and V in light of Amendment 599 by removing the specific offense characteristic for use of a firearm.  The district court then resentenced Reid as to those Counts to concurrent terms of 70 months'

<div align="center">

9

</div>

imprisonment, the bottom of the recalculated Guidelines range.  There was no further sentencing relief available under § 3582(c)(2).

## Argument

### The District Court Committed No Error in Resentencing Reid on Remand.

Reid does not appear to take issue on appeal with the district court's ruling on remand that reduced his sentences on Counts I, III, and V pursuant to 18 U.S.C. § 3582(c)(2).  Reid's challenges on appeal concern his convictions and consecutive sentences  for Counts II, IV, and VI, which charged three separate instances of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).  These claims were not properly before the district court on a motion for modification of an imposed term of imprisonment pursuant to § 3582(c)(2) and this Court should not consider these claims.

The statutory basis for Reid's motion, 18 U.S.C. § 3582(c)(2), provides that, in cases where the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the district court may reduce the term of imprisonment if such a reduction is consistent with the applicable policy statements issued by the Commission, *i.e.*, if the guideline amendment that would lower the sentencing range is listed in USSG

10

§ 1B1.10(c). *See* USSG § 1B1.10(a), p.s. Significantly, section 3582(c)(2) does not permit a *de novo* resentencing. *See* USSG § 1B1.10(c); *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) ("[A]ll original sentencing determinations remain unchanged with the sole exception of the guidelines range that has been amended since the original sentencing.").

On November 1, 2000, two years after Reid was sentenced, the Sentencing Commission issued Amendment 599. That amendment was intended to clarify the circumstances under which defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses. Amendment 599 directs that, where a defendant is sentenced to a consecutive term of imprisonment pursuant to § 924(c), no guidelines weapon enhancement should be applied when determining the sentence for the crime of violence or drug trafficking offense underlying the 18 U.S.C. § 924(c) conviction, nor for any conduct with respect to that offense for which the defendant is accountable under the relevant conduct provisions, USSG § 1B1.3. *See* USSG § 2K2.4, comment. (n.4).

The government had previously conceded that, pursuant to Amendment 599, Reid was entitled to a reduction in the sentences imposed as to Counts I, III, and V. The district court, on remand from this Court, reduced Reid's sentences on those

11

counts to 70 months' imprisonment, the bottom of the applicable Guidelines range. Reid has received all the relief he is entitled to under § 3582(c)(2). *See United States v. Melvin*, 556 F.3d 1190 (11th Cir. 2009).

Reid continues to argue  that the consecutive terms of imprisonment for the three violations of § 924(c) were "illegally-imposed" because the indictment failed to charge the subsection of § 924(c) that authorizes consecutive punishments for multiple violations of the statute (Br. at 4-10).  He argues that the district court's judgment should be vacated because the district court failed to address his claims concerning the consecutive sentences imposed on the § 924(c) counts (Br. at 11-12).

Reid's challenges to the sentencing calculations concerning his § 924(c) convictions are outside the scope of this § 3582(c)(2) proceeding, however.  The law is well settled that "a sentencing adjustment undertaken pursuant to § 3582(c)(2) does not constitute a *de novo* resentencing" and "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *United States v. Bravo*, 203 F.3d at 781 (emphasis in original).  Reid's § 3582(c)(2) motion was based on Amendment 599 and the plain language of that amendment does not in any way foreclose the imposition of such consecutive sentences.  This Court has consistently construed the "second or subsequent" conviction language of § 924(c) to permit consecutive

12

sentences where more than one violation of that statute is charged in a single indictment. *See United States v. Rawlings*, 821 F.2d 1543, 1545 (11th Cir. 1987) ("Based on this broad 'second or subsequent conviction' language, appellant's second conviction under § 924(c), even though in the same indictment as his first conviction, legitimately triggers the enhancement provision"); *see also United States v. Wright*, 33 F.3d 1349, 1350 (11th Cir. 1994) ("Multiple offenses under section 924(c) will result in multiple sentences, that is, multiple terms: one term for each offense"). Nothing in the text of the amended guideline provision suggests a change in that interpretation of § 924(c). Thus, Amendment 599 had no effect upon the sentences imposed for the three separate violations of § 924(c) that were charged in Counts II, IV and VI. In fact, this Court noted in its opinion that remanded the case to the district court that Amendment 599 had no effect on the consecutive sentences imposed in Counts II, IV, and VI for violations of 18 U.S.C. § 924(c). *United States v. Reid*, 364 Fed. Appx. 554, 2010 WL 376280 (11th Cir. 2010). Thus, the district court committed no error to the extent that it failed to address those claims to Reid's satisfaction.

13

**Conclusion**

For the foregoing reasons, the district court's decision should be affirmed.

Respectfully submitted,

Wifredo A.  Ferrer
United States Attorney


By:  _____
Kathleen M. Salyer
Assistant United States Attorney



Anne R. Schultz
Chief, Appellate Division

Lisa Tobin Rubio
Assistant United States Attorney

Of Counsel

14

## Certificate of Compliance

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements for Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally-based typeface using Corel Word Perfect X4, 14-point Times New Roman.

## Certificate of Service

I hereby certify that an original and 6 copies of the foregoing Brief for the United States were mailed to the Court of Appeals via Federal Express this 12th day of September 2011, and that, on the same day, the foregoing brief was electronically uploaded to the Eleventh Circuit Court of Appeals' Internet web site at www.ca11.uscourts.gov (see attached Brief Upload Result Page), and mailed via United States mail to: Sylvester Reid, *pro se*, Reg No. 50013-004, USP Beaumont, P.O. Box 26030, Beaumont, TX 77720-6030.

 

 

<div style="margin-left:40%">

_____
Kathleen M. Salyer
Assistant United States Attorney

</div>

*jp*